UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOISES VAZQUEZ, on behalf of himself )
and others similarly situated,          )
                                        )
          Plaintiffs,                   )          CASE NO.
                                        )
v.                                      )          8:17 cv 1362 T30 JSS
                                        )
AF MASONRY, INC.                        )
                                        )
          Defendant.                    )
_____ )

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Moises Vazquez ("Plaintiff"), on behalf of himself and others similarly situated,

by and through their undersigned counsel, sue Defendant, AF Masonry, Inc. ("Defendant"), and

alleges:

## NATURE OF CASE

1.      This is an action for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C.

§§ 201-216 ("FLSA") and unpaid wages under Florida Statute § 448.08.

2.      The FLSA unpaid overtime claims are brought as a collective action under 29

U.S.C. § 216(b).

## JURISDICTION AND VENUE

3.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. §

1367, and 29 U.S.C. § 216(b).

4.      Venue of this action properly lies in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff is an individual and a citizen of the State of Florida residing in Pasco

County, Florida.

6.      Defendant is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Hillsborough County, Florida. Defendant provides masonry services throughout Hillsborough County, Florida and other parts of Florida.

## FACTS

7.      In or about October 2015, Plaintiff began employment with Defendant.

8.      In or about December 2015, Plaintiff separated from employment with Defendant.

9.      In or about February 2016, Plaintiff again started working as an employee of Defendant.

10.     In or about September 2016, Plaintiff again separated from employment with Defendant.

11.     Plaintiff voluntarily separated from employment in September 2016 because he was not paid for several days of work.

12.     During the course of his employment, Plaintiff regularly worked approximately 50 to 60 hours per workweek. Upon information and belief, Plaintiff's regular rate of pay was $15.00 per hour.

13.     At all times during Plaintiff's employment with Defendant, all hours he worked in excess of 40 hours per work week were paid to him by Defendant at his regular rate and not paid at time and a half his regular rate. Instead of paying Plaintiff overtime at time and a half his regular rate, the Defendant intentionally and knowingly paid him his regular rate in cash.

14.     Upon information and belief, during the three years prior to the filing of this Complaint, Defendant intentionally and knowingly paid all of its employees' overtime at their regular rate, in cash, and not at time and a half their regular rate. Upon information and belief, this

2

company-wide policy and practice was and is designed to save money by not paying its employees all compensation owed and by not paying certain payroll taxes.

15.     As a result of result of Defendant's unlawful acts, Plaintiff has been forced to retain undersigned counsel to bring this action.

16.     Any and all conditions precedent to brining the claims herein, if any, were satisfied or waived.

## FLSA COLLECTIVE PLAINTIFF ALLEGATIONS

17.     The additional parties who may opt-in as plaintiffs in this action for purposes of Count I consists of any current or former non-exempt employees of Defendant who engaged in the laying and installation of bricks, masonry and other forms of manual labor for the benefit of Defendant ("FLSA Collective Action Plaintiffs").

18.     Plaintiff and the FLSA Collective Action Plaintiffs were subject to common unlawful pay practices, policies, and procedures. Specifically, during the three years prior to the filing of this Complaint, Defendant intentionally and knowingly paid all of its employees' overtime at their regular rate, in cash, and not at time and a half their regular rate, in violation of the FLSA.

19.     Count I is properly brought under and maintained as a collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and any other purpose related to this action, the names and addresses of the FLSA Collective Plaintiffs are or should be readily available from Defendant.

## COUNT I – FLSA UNPAID OVERTIME AND MINIMUM WAGE

20.     Plaintiff incorporates by reference, and as if fully restated herein, the allegations contained in Paragraphs 1- 19 of this Complaint.

21.     Defendant employs more than two individuals.

22.     Defendant has an annual dollar volume of sales or business being done of at least $500,000.

23.     Defendant is subject to the FLSA.

24.     During Plaintiff's employment with Defendants, the Defendants were his employer, as that term is defined by the FLSA.

25.     During Plaintiff's employment, he worked more than forty (40) hours per work week but was not paid any overtime as a result of the Defendants' unlawful pay practices, policies, and procedures.

26.     Defendant knew that Plaintiff was not being paid for overtime hours worked.

27.     During Plaintiff's last month of employment, he was not paid at all for several days of work.

28.     Defendant's failure to pay overtime and for several days of work was intentional.

29.     As a direct and legal consequence, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests the following:

  a.     Enter judgment in his favor for unpaid overtime and minimum wages under the FLSA;

  b.     Award the full amount of unpaid overtime and minimum wages, liquidated damages, and pre-judgment interest;

  c.     Award attorneys' fees and costs;

  d.     Enter equitable relief mandating the cessation of the unlawful pay practices, policies and procedures; and

  e.     Grant any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated: June 9, 2017

Respectfully submitted,

/s/ *Ricardo A. Duarte*
RICARDO A. DUARTE
Florida Bar Number 88614
Email: rduarte@cantrellduarte.com
WILLIAM J. CANTRELL
Florida Bar Number 0103254
Email: wcantrell@cantrellduarte.com
CANTRELL DUARTE, PLLC
401 East Jackson Street, Suite 2340
Tampa, Florida 33602
Telephone: 813.867.0115
Facsimile: 813.867.0116
*Attorneys for Plaintiff*